UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KYLE O'HAGAN,

                Plaintiff,

-against-

CITY OF NEW YORK, CHARLES BACH, and JOHN AND JANE DOE 1 through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants,

------------------------------------------------------------------X

**COMPLAINT**

Docket No.
CV 09-5597
Jury Trial Demanded

ROSS, J.

    Plaintiff KYLE O'HAGAN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KYLE O'HAGAN is an American citizen residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, CHARLES BACH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On or about October 21, 2008, at approximately 7:30 p.m., plaintiff KYLE O'HAGAN was an employee working as the cashier of Close to Home Deli located at 1272 Bay Street, Staten Island, NY 10301, when the defendant police officers enter the location and unlawfully searched plaintiff. Despite lacking probable cause to believe that plaintiff committed a crime, defendant police officers handcuffed plaintiff and imprisoned plaintiff in a police van.

13. For approximately three hours, the defendant police officers drove around Staten Island with plaintiff imprisoned in said van with his hands cuffed behind his back. While in the van, plaintiff's handcuffs tightened around his wrists causing his fingers to lose feeling. Plaintiff explained to the defendants that the cuffs had tightened causing plaintiff to lose feeling in his fingers and requested that the defendants loosen the handcuffs. The defendants refused to loosen plaintiff's handcuffs, leaving the cuffs in an over tight position for an extended period of time.

14. The defendants transported plaintiff to the NYPD's 120th Precinct stationhouse and unlawfully imprisoned plaintiff therein until the following day when plaintiff was arraigned in Richmond County Criminal Court and released. The criminal charges filed against plaintiff were Adjourned in Contemplation of Dismissal at plaintiff's arraignment and subsequently dismissed and sealed.

15. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

16. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

17. As a result of the foregoing, plaintiff KYLE O'HAGAN sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff KYLE O'HAGAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     Defendants arrested plaintiff KYLE O'HAGAN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

26.     Defendants caused plaintiff KYLE O'HAGAN to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff KYLE O'HAGAN'S constitutional rights.

29.     As a result of the aforementioned conduct of defendants, plaintiff KYLE O'HAGAN was subjected to excessive force and sustained physical and emotional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants had an affirmative duty to intervene on behalf of plaintiff KYLE O'HAGAN, whose constitutional rights were being violated in their presence by other officers.

5

32. The defendants failed to intervene to prevent the unlawful conduct described herein.

33. As a result of the foregoing, plaintiff KYLE O'HAGAN'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to excessive force, handcuffing and other physical restraints.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, falsification by arresting officers of the New York City Police Department that is sufficiently widespread so as to constitute a custom or policy by the City of approving illegal conduct, along with inadequate screening, hiring, retaining, training and supervising its employees, that were the moving force

6

behind the violation of plaintiff KYLE O'HAGAN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, and as a result of its custom or policy of falsification, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KYLE O'HAGAN.

40. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KYLE O'HAGAN as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KYLE O'HAGAN as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KYLE O'HAGAN was unlawfully arrested and subjected to excessive force.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KYLE O'HAGAN'S constitutional rights.

44. All of the foregoing acts by defendants deprived plaintiff KYLE O'HAGAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest;

C. To be free from excessive force;

D. To be free from the failure to intervene.

45. As a result of the foregoing, plaintiff KYLE O'HAGAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff KYLE O'HAGAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 18, 2009

>    LEVENTHAL & KLEIN, LLP
>    45 Main Street, Suite 230
>    Brooklyn, New York 11201
>    (718) 722-4100
>
>    By: _____
>    BRETT H. KLEIN (BK4744)
>
>    Attorneys for Plaintiff KYLE O'HAGAN